SHAWN N. ANDERSON
United States Attorney
GARTH R. BACKE
Assistant United States Attorney
P.O. Box 500377
United States Courthouse, Second Floor
Saipan, MP 96950
TEL: (670) 236-2980

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> AIMIN ZHANG, <br><br> Defendant. | Criminal Case No. 1:25-00009 <br><br> **PLEA AGREEMENT** |

Plaintiff, United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Garth R. Backe, Assistant United States Attorney for the Districts of Guam and the Northern Mariana Islands, and Defendant AIMIN ZHANG ("Defendant"), and Defendant's counsel, Mark Scoggins, agree to the following Plea Agreement ("Agreement"):

**1. Guilty Plea and Maximum Statutory Penalties:**

Defendant agrees to plead guilty to Count One of the Indictment filed on June 2, 2025, charging him with Preventing or Hampering Removal, in violation of 8 U.S.C. § 1253(a).

Defendant understands that Preventing or Hampering Removal carries a maximum penalty of: four (4) years imprisonment; a fine of $250,000; not less than a 1-year term of supervised

release; and a $100.00 special penalty assessment.

Defendant further understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

**2.    Effect on Immigration Status:**

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Defendant understands that Defendant's removal and other immigration consequences are the subject of a separate proceeding. Defendant further understands that because Defendant is not a citizen of the United States, Defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that Defendant will be removed or deported from the United States. Defendant agrees that Defendant's attorney has told Defendant this and Defendant still wants to plead guilty, even if the consequence is Defendant's automatic removal from the United States.

**3.    The Court's Role in Plea and Sentencing Procedure:**

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is

required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations – or even stipulations – that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

**4. Waiver of Constitutional Rights:**

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant has the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

**5. Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Preventing or Hampering Removal, in violation of 8 U.S.C. § 1253(a), the United States would have to prove the following elements beyond a reasonable doubt:

(a). First, Defendant was an alien;

(b). Second, Defendant was subject to a final order of removal based on being a member of at least one of the classes of aliens described in 8 U.S.C. § 1227(a); and

(c). Third, Defendant either took some action designed to prevent or hamper his departure pursuant to that final order, or took some action with the purpose of preventing or hampering his departure pursuant to that final order.

**6.  Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt; and these facts constitute an adequate basis for Defendant's guilty plea:

(a). Defendant is a citizen of the People's Republic of China.

(b). On or about April 30, 2025, in the District of the Northern Mariana Islands, Defendant, an alien against whom a final order of removal was outstanding, by reason of being a member of any of the classes described in Title 8, United States Code, Section 1227(a), did take action designed to prevent and hamper, and with the purpose of preventing and hampering, his departure from the United States.

(c). Specifically, on September 26, 2024, Defendant was sentenced to thirty-one (31) days incarceration after pleading guilty to one count of Conspiracy to Transport Illegal Aliens and one count of Conspiracy to Defraud the United States in Criminal Case No. 1:24-00019-4.

(d). On March 11, 2025, ICE Enforcement and Removal Operations (ERO) arrested and served Defendant with a Notice to Appear, Form I-862, charging removability pursuant to section 237(a)(2)(A)(iii) and 237(a)(1)(B) of the Immigration and Nationality Act (INA).

(e). On March 19, 2025, Defendant was issued an order of removal by an immigration judge. After no appeal was filed within the prescribed time period, the order of removal became final.

(f). On April 30, 2025, at the Saipan International Airport, Defendant refused to exit an ERO vehicle and board a plane departing the United States. Defendant eventually agreed, but immediately upon exiting the vehicle, he grabbed hold of a nearby signpost and refused commands to let go. As ERO Officers C.S.D. and S.T.W. attempted to physically remove Defendant's hands from the signpost, Officer C.S.D.'s arm was briefly pinned between the post and Defendant's body. Officer C.S.D., however, was eventually able to free it. After the ERO Officers succeeded in breaking Defendant's grip, Defendant immediately grabbed onto an adjacent light pole and attempted to insert his right hand into an un-capped electrical port on the light pole. When Officer S.T.W. tried again to break Defendant's grip, Defendant squeezed down on Officer S.T.W.'s hand, escalating the struggle. Officer S.T.W. then swept Defendant's legs from behind and took him to ground where Defendant was held in the prone position. Defendant was then placed in handcuffs and returned the CNMI Department of Corrections.

This statement of facts is made for the limited purpose of supporting Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

### 7. Waiver of Inadmissibility of Statements:

Defendant voluntarily, knowingly and intelligently agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States pursuant to Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence. This waiver shall apply if Defendant withdraws this guilty plea or breaches this Plea Agreement. Defendant acknowledges that any statements made by Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against him in the Government's case-in-chief if Defendant were to withdraw or breach this Plea Agreement.

### 8. The United States Agrees:

(a). Dismissal:

At the time of sentencing, the United States agrees to dismiss Count Two of the Indictment, which charges him with Resisting a Federal Officer, in violation of 18 U.S.C. § 111(a).

(b). Not to File Additional Charges:

The United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Agreement any time before or after sentencing.

### 9. United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing

Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

(a). <u>Base Offense Level</u>:

The United States and Defendant stipulate and agree that Defendant's base offense level is 8. *See* U.S.S.G. § 2L2.2(a).

(b). <u>Specific Offense Characteristics</u>:

The United States and Defendant stipulate and agree Defendant's offense level will be increased two (2) levels because he committed the instant offense after sustaining a conviction for a felony immigration and naturalization offense. *See* U.S.S.G. § 2L2.2(b)(2)(A).

(c). <u>Victim-Related Adjustments</u>:

The United States and Defendant stipulate and agree there are no victim-related adjustments to Defendant's offense level. *See* U.S.S.G. § 3A1.1.

(d). <u>Role in the Offense</u>:

The United States and Defendant stipulate and agree there are no adjustments to Defendant's offense level for his role in the offense. *See* U.S.S.G. §§ 3B1.1, 3B1.2.

(e). <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and signs this Plea Agreement no later than Friday, July 11, 2025, the United States will move for the maximum downward adjustment available to Defendant for his timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, not recommend a downward reduction for acceptance of responsibility

if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

(f). <u>Criminal History</u>:

As of this date, the facts regarding the Defendant's criminal history are as follows: (1) on September 26, 2024, Defendant was sentenced to thirty-one (31) days incarceration in Criminal Case No. 1:24-00019-4; and (2) on January 13, 2025, Defendant was sentenced to three (3) months incarceration for violating the terms of his supervised release in Criminal Case No. 1:24-00019-4. Accordingly, the United States and Defendant expect Defendant to have two (2) criminal history points and fall into criminal history category II. *See* U.S.S.G. §§ 4A1.1(b), 4A1.2(k)(1).

**10. Incarceration:**

The United States agrees to recommend a sentence within the applicable sentencing guideline range determined by the Court at sentencing.

**11. Criminal Fine:**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

**12. Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of the Northern Mariana Islands, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**13. Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the

Bureau of Prisons' Inmate Financial Responsibility Program.

**14.    Additional Violations of Law Can Void Plea Agreement:**

Defendant and the United States agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

**15.    Appeal Rights:**

Defendant expressly waives his right to appeal his conviction and sentence, as well as to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

**16.    Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Agreement is effective when signed by all parties and cannot be modified except in a writing that is signed by the United States and Defendant, or by the agreement of all parties on the record in open court.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the Northern Mariana Islands.

Shawn N. Anderson
United States Attorney

By: _____        Date: 7/3/25
    Garth R. Backe
    Assistant U.S. Attorney

## Defendant's Certification

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty. I further understand that if I am not a citizen of the United States, my guilty plea and conviction make it practically inevitable and a virtual certainty that I will be removed or deported from the United States. I agree that my attorney has told me this and that I still want to plead guilty.

_____        Date: 07/03/25
AIMIN ZHANG
Defendant

## Attorney's Certification

I have read the Plea Agreement and have discussed the contents of the agreement with my client. I am of the opinion that the Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I am not aware of any reason why the Court could not accept the defendant's plea of guilty. I am also aware that my client is not a citizen of the United States, and that my client's guilty plea and conviction make it practically inevitable and a virtual certainty that my client will be removed or deported from the United States. I have advised my client of this, and my client still wants to plead guilty.

_____        Date: 7-3-25
Mark Scoggins
Attorney for Defendant

## Interpreter's Certification

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language which he is conversant. If questions have arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions. Defendant has indicated to me that he understands each part of this Agreement.

___*Monrique Cramer*___  ___7/3/25___
Interpreter for Defendant                              Date